UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VLADIMIR MCCLARTY, | CIVIL NO. 3:23-CV-01619-SDD-EWD |
| Plaintiff, | JUDGE SHELLY D. DICK |
| VERSUS | MAGISTRATE JUDGE ERIN WILDER-DOOMES |
| CITY OF BATON ROUGE, TROY LAWRENCE, JR., JAMES THOMAS, JR., DAVID KENNEDY, JESSE BARCELONA, DEPUTY CHIEF MYRON DANIELS, CHIEF MURPHY PAUL, DOE DEFENDANTS 1-20, AND ABC INSURANCE COMPANIES 1-10 | |
| Defendants | |

## MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, ORDER FULL RELEASE OF ALL EVIDENCE

MAY IT PLEASE THE COURT:

Defendant, David Kennedy, files this *Memorandum in Support of Motion to Stay Proceedings or in the Alternative, Order Full Release of All Evidence* and respectfully requests that this Honorable Court stay all proceedings until the conclusion of the ongoing federal criminal investigation of the Baton Rouge Police Department by the United States Attorney's Office for the Middle District of Louisiana.[1] In the alternative, defendant seeks an order from this Court directing the City of Baton Rouge to produce all evidence relevant to this matter to defendant, Kennedy, including, but not limited to, a downloadable copy of any video footage in relation to this matter in order that defendant be allowed to properly defend himself from these false allegations.

---

[1] Exhibit A, Declaration of Jamie Flowers at paragraph 5. This declaration was filed in the Matter entitled *Jeremy Lee v. Troy Lawrence, et al.*, Number 23-1229, Middle District of Louisiana

## LAW AND ARGUMENT

A.   **Standard for Stay of Proceedings**

"A district court has inherent authority to manage its docket, which includes the power to stay proceedings."[2] Furthermore, "a district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require."[3] "In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice."[4] The factors that should be considered in determining whether "special circumstances" warrant a stay, include: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest."[5] Based on this criteria this matter should be stayed until the federal investigation of defendants is completed so they may have full access to all relevant evidence.

1.   **Overlapping issues**

"The first question to be resolved is the extent to which the issues in the criminal case overlap with those present in the civil case, since self-incrimination is more likely if there is a significant overlap."[6] The U.S. Attorney's for the Middle District of Louisiana has confirmed that

---

[2] *David v. Signal Intern., LLC,* 37 F.Supp.3d 836, 840 (E.D.La. 2014) citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).
[3] *Illani v. Devol,* 2016 WL 1383498 at p. 2(M.D.La. 2016 citing *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Management, Inc,* 2007 WL 1468417, at p. 2 (S.D. Texas May 18, 2007)
[4] *Securities and Exchange Commission v. First Financial Group of Texas, Inc.*659 F. 2d 660, 668 (5th Cir. 2012)
[5] *Healthcare Finance, Inc. v. Boyes,* 2002 WL 1558337 at p. 2 (N.D. Tex. 2002)
[6] *Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mechanical, Inc,* 886 F.Supp. 1134, 1139 (S.D. New York. 1995)

2

it has an open investigation concerning the very allegations brought forth by plaintiff herein.[7] Therefore, it is apparent that there is a significant overlapping of issues such that self-incrimination is at peril. Some courts have held "that the similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."[8] Defendant avers this very reason warrants a stay of proceedings.

### 2. Status of Criminal Case

While defendant has not been indicted, this is a very real consequence of said investigation. However, "[e]ven where there are not yet criminal charges filed, 'this fact does not militate against the granting of a stay of discovery.'"[9] "In fact, some district courts within this Circuit have found that 'when the government seeks a stay of civil discovery, the justification for obtaining a stay is often strongest before an indictment is handed down.' Here, the pending civil case is poised to begin discovery, which could disrupt the progress of the criminal investigation."[10]

Although defendant acknowledges that the government has not sought a stay of proceedings, the City/Parish is not relinquishing the video recordings in a usable format so that defendant can properly defend himself. It has been cited that this is due to the ongoing criminal matters; i.e. the federal investigation. Therefore, this factor also weighs in favor of a stay.

### 3. Prejudice to plaintiff

Plaintiff will not be prejudiced by a stay of proceedings. A stay could actually inure to plaintiff's benefit as he would be the beneficiary of any evidence gathered by the U.S. Attorney in its investigation. Also, as noted in *Waste Management,* "the Court can temper the effect of any

---

[7] Exhibit A
[8] *Dominguez v. Hartford Financial Services Group, Inc.,*530 F.Supp.2d 902,907 (S.D. Tex..Jan. 18, 2008); also see *State Farm Lloyds v. Wood,* 2006 WL 3691115 (S.D. Tex.Dec. 12, 2006)
[9] *Waste Management of Louisiana, LLC v. River Birch, Inc.,*2012 WL 520660 at p. 4 (E.D. La. Feb. 15, 2012) citing *SEC v. Offill,* 2008 WL 958072 at p.3(N.D.Tex. Apr. 9, 2008)
[10] U.S. v. ATP Oil & Gas Corp., 2013 WL 6184991 at p. 4 (E.D. La..Nov. 26, 2013)

3

alleged prejudice by requiring the parties to regularly update the Court about the status of the criminal investigation. If at any point it appears that the investigation has stalled and that a criminal case will not be forthcoming, the Court can entertain a motion to vacate the stay."[11] This factor is also in favor of a stay.

### 4. Prejudice to defendant

"Defendants would be burdened with responding to discovery and potentially forced to waive the individual defendants' rights to avoid self-incrimination."[12] Proceeding with this civil action puts defendants directly at risk of being forced to waive their constitutionally guaranteed right against self-incrimination while being burdened with responding to discovery on the very issues being investigated by the U.S. Attorney. This is an unjust burden put on defendants and also warrants a stay of proceedings.

### 5. Interest of the Court

"[B]y proceeding with the civil case, there is a possibility that the Court will have to rule on selective claims of Fifth Amendment privilege and objections to specific information requests during the discovery process."[13] Additionally, "progress would be frustrated by the assertion of the Fifth Amendment rights of the individual Defendants."[14] While the Court has an interest in judicial expediency, "granting a stay serves those interests because 'conducting the criminal proceedings first advances the judicial economy.'"[15] "If a stay were not granted, it is almost certain

---

[11] Id. at p. 5
[12] Id. at p. 5
[13] *Alcala v. Texas Webb County*, 625 F.Supp.2d 391,406 (S.D. Tex. May 1, 2009)
[14] *Bruno v. Schaeffer*, 2020 WL 1978365 (M.D. La. Apr. 24, 2020)
[15] *Waste Management*, supra at p. 5 citing *Doe v. Morris*, No. 11–1532, 2012 U.S. Dist. LEXIS 12454, at *4 (E.D.La. Feb. 2, 2012) and *Ollfill*, supra at p. 3

4

that duplicative discovery and legal findings would occur. Furthermore, allowing the criminal suit to proceed first may "streamline" this matter."[16] This factor also justifies a stay.

### 5. Public Interest

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.[17]

Since the public interest is best served by proceeding with the criminal matter prior to the civil action, this factor also weighs in favor of a stay.

### B. Qualified Immunity

The present matter presents claims against defendant, David Kennedy, for his conduct alleged to have occurred during the course and scope of his employment with the Baton Rouge Police Department.[18] It is certain that Mr. Kennedy will be asserting qualified immunity which shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known."[19]

"Qualified immunity entitles a defendant to avoid the burdens of litigation as well as liability."[20] "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."[21] This is more than just a defense to

---

[16] U.S. v. ATP, supra at p. 4
[17] U.S. v. ATP, id at p. 4 citing *Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir.1962)
[18] R. Doc. 1
[19] *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)
[20] *Manis v. Lawson,* 585 F.3d 839, 843 (5th Cir.2009)
[21] *Backe v. Leblanc,* 691 F. 3d 645, 648 (5th 2012) citing , *Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir.1986).

5

liability, but is an immunity from suit.[22] The Supreme Court has "repeatedly ...stressed the importance of resolving immunity questions at the earliest possible stage in litigation."[23]

Mr. Kennedy asserts that the police reports and video footage related to this case will contradict plaintiffs' allegations contained in the Complaint. Review and use of the aforementioned evidence is vital to the determination of qualified immunity. At present and as previously stated, use of the video footage is unavailable due to the federal investigation into this matter. This evidence is essential to Mr. Kennedy's defense and, therefore, he must be allowed to use this evidence, not just view it. He is entitled to such and, thus, it is in the best interest of plaintiff, defendants, the Court and the public that this matter be stayed until such time as this evidence can be fully provided to defendants. In the alternative, defendant, Kennedy, requests an order from this Court directing the City/Parish to release this evidence to defendants in a downloadable format that can then be used in defense of this case.

WHEREFORE, Defendant, David Kennedy, respectfully requests that this Honorable Court grant this Motion to Stay Proceedings until the conclusion of the ongoing federal criminal investigation and until the evidence can be released to all parties to these proceedings. In the alternative, defendants requests an order for full release of all evidence in the possession of the City/Parish so that he may properly prepare the defense to which he is entitled.

---

[22] See *Scott v. Harris*, 550 U.S. 372 (2007)
[23] *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)

RESPECTFULLY SUBMITTED:

/s/B. Kyle Kershaw
**B. KYLE KERSHAW (#23161)**
**Attorney at Law**
212 Laurel Street
Baton Rouge, Louisiana 70801
Telephone: (225) 336-9600
Facsimile: (225) 709-1554
Email: kylekershaw@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant's *Memorandum in Support of Motion to Stay Proceedings, or, in the alternative, Order Full Release of All Evidence* was filed electronically with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 11th day of March 2024.

/s/B. Kyle Kershaw
**B. KYLE KERSHAW**
**Counsel for Defendant**